## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| STEVEN SMERECANSKY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | )    **Civil Action No. 5:19-00270** |
| v. | ) |
| | ) |
| CHAD LESTER, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

On April 10, 2019, the Court filed what it construed as a letter-form Complaint claiming

entitlement to relief pursuant to 42 U.S.C § 1983. (Document No. 3.) By Order entered on April

12, 2019, the undersigned directed Plaintiff to (1) either pay the filing and administrative fee

totaling $400 or file an Application to Proceed Without Prepayment of Fees or Costs, and (2)

amend his Complaint to specifically set forth his constitutional claims and state specific facts as to

how each defendant violated his constitutional rights. (Document No. 3.) On April 30, 2019,

Plaintiff filed his Application to Proceed Without Prepayment of Fees or Costs and Amended

Complaint.[1] (Document Nos. 4 and 5.) In his Amended Complaint, Plaintiff names the following

as Defendants: (1) Chad Lester, Correctional Officer; (2) John Sweetser, Correctional Officer; (3)

Nathan Miner, Correctional Officer; and (4) Derrick Mansville, Correctional Officer. (Document

No. 5.) Plaintiff alleges that Defendants violated his rights under the Eighth Amendment by using

excessive and unnecessary force. (Id.) Specifically, Plaintiff sates as follows:

> I was in C Block, Section 6, Cell 2, awaiting breakfast to be served when SGT
> Correctional Officer Chad Lester came to my cell and ordered me to follow him to

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less
stringent standard than if they were prepared by a lawyer and therefore, they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

medical because he heard I had been in a fight. When we arrived at medical, the nurse checked and cleared me back to the pod. SGT Correctional Officer Chad Lester then said I wasn't going to the pod, that I was going to booking. When I got through the gate to booking, they rushed me from the gate to the bathroom and once in the bathroom, I felt a solid force hit me in the back of the head knocking me forward into the wall. That is when Correctional Officers Nathan Miner and John Sweetser started punching me as I was falling towards the wall [and] when Correctional Officer Derrick Mansville started slamming my head off the wall. When I started to beg them to stop, SGT Lester began choking me. I then fell into the wall and was then sprayed with OC defense spray and restrained into a full body restraint chair and my face was covered with a spit mask when I wasn't spitting, and I couldn't breathe in the mask. I cannot recall anything else.

(Id., pp. 4 – 5.) As relief, Plaintiff requests "pain and suffering" and "possible early discharge." (Id., p. 5.)

## **STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## DISCUSSION

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[3] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), *aff'd*, 54 Fed.Appx. 159 (4th Cir. 2003), *cert. denied*, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[A] court may not excuse a failure to exhaust" because the PLRA's mandatory exhaustion scheme "foreclose[es] judicial discretion." Ross v. Blake, ___ U.S. ___, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016)("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."). But the plain language of the statute requires that only "available" administrative

---

[3] 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

remedies be exhausted. Id. at 1855("A prisoner need not exhaust remedies if they are not 'available.'"); also see Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196

F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)]
makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore,
may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA
requires that available administrative remedies must be exhausted before the filing of a suit in
Federal Court. It is further clear that the PLRA does not require that an inmate allege or
demonstrate that he has exhausted his administrative remedies. See Jones v. Bock, supra;
Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005), *abrogated on
other grounds by* Custis v. Davis, 851 F.3d 358 (4th Cir. 2017). Failure to exhaust administrative
remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had
available remedies which he did not exhaust. Jones v. Bock, supra, 549 U.S. at 216, 127 S.Ct. at
921(Failure to exhaust is an affirmative defense that a defendant must generally plead and prove);
also see Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative
remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to
exhaust is an affirmative defense that the defendants have the burden of pleading and proving."
(Citations omitted)) The Court is not precluded, however, from considering at the outset whether
an inmate has exhausted administrative remedies. "A court may sua sponte dismiss a complaint
when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his
administrative remedies." Custis v. Davis, 851 F.3d. 358, 361 (4th Cir. 2017); also see Banks v.
Marquez, 694 Fed. Appx. 159 (4th Cir. 2017)(finding no error in the district court's decision to sua
sponte dismiss petitioner's petition where petitioner explicitly admitted in his petition that he failed
to exhaust his administrative remedies).

The Southern Regional Jail, where Plaintiff was incarcerated at the time of the facts giving
rise to this civil action, is a facility operated by the West Virginia Regional Jail and Correctional

Facility Authority ("WVRJCFA"), which has a grievance procedure that is outlined in a handbook

of Inmate Rules and Procedures that is distributed to each inmate. The United States District Court

for the Northern District of West Virginia has summarized the WVRJCFA's grievance process as

follows:

> Under this procedure, inmates must first submit a grievance to the Administrator of
> the facility in which they are confined. Upon receipt of the grievance, the
> Administrator may reject the grievance if it appears on its face to have been filed
> in bad faith, or if other administrative procedures exist that have not been utilized.
> If the grievance is rejected, the Administrator must advise the inmate of the
> rejection. If the grievance is not rejected, the Administrator may assign a staff
> member to investigate the complaint. Such staff is then required to submit a written
> report within forty-eight (48) hours. Within two days of receipt of the written report,
> the Administrator must provide a written decision which identifies the action taken,
> the reasons for the action, and the procedures that must be followed to properly
> appeal the decision. If the Administrator's response is unfavorable, the inmate may
> appeal to the Chief of Operation within five days of the receipt of the
> Administrator's decision. Upon receipt of an appeal, the Chief of Operations must
> immediately direct the Administrator to forward copies of all information relating
> to the inmate's grievance within two business days. The Chief of Operations may
> direct an investigation of the report be conducted and a written report be submitted
> within 15 days. Within 10 days of receiving all of the information related to the
> grievance, the Chief of Operations must provide a written decision which identifies
> the corrective action taken or the reasons for denying the grievance. If the Chief of
> Operations' response is unfavorable, the inmate may appeal to the Office of the
> Executive Director within five days of receipt of the Chief of Operations' response.
> To do so, the inmate must mail to the Executive Director, copies of the original
> complaint and all of the responses thereto. The Office of the Executive Director
> must respond to an inmate's appeal within 10 days of receiving all the information.
> Unless the inmate has been notified of an extension of time for a response, the
> inmate may move to the next stage of the grievance process if the inmate does not
> receive a response at the expiration of the time limit at any stage of the process. The
> grievance process must be concluded within 60 days, inclusive of any extensions.

Chase v. Trent, 2012 WL 5845361, at * 4 (N.D.W.Va. Oct. 16, 2012)(Kaull, M.J.), report and

recommendation adopted, 2012 WL 5845219 (N.D.W.Va. Nov. 19, 2012)(Keeley, J.).

In his Amended Complaint, Plaintiff acknowledges that he did not even attempt to exhaust

his available administrative remedies. (Document No. 5, p. 3.) Plaintiff states that he did not

present facts relating to his complaint in the state prisoner grievance procedure because "I didn't

feel that they would treat it fairly." (Id., p. 3.) Thus, it is apparent from the face of the Amended Complaint that Plaintiff failed to fully exhaust his administrative remedies prior to filing his Amended Complaint. See Custis, 851 F.3d. at 361; Banks, 694 Fed. Appx. at 160. To the extent Plaintiff requests that this action be stayed pending exhaustion, Plaintiff's request should be denied. As stated above, PLRA requires that inmates exhaust available administrative remedies *prior* to filing civil actions. Accordingly, the Court may not stay the above action pending exhaustion. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)("a prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending."); Freeman, 196 F.3d at 645("The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."); Brown v. Zeigler, 2013 WL 4500473, * 10 (S.D.W.Va. Aug. 20, 2013)(J. Berger)("Because exhaustion is a prerequisite of filing suit, administrative remedies must be exhausted *before* filing a complaint in federal court, not after or contemporaneous therewith.")(emphasis in original). Finally, there is no indication or allegation by Plaintiff that the administrative remedy process was unavailable. The undersigned, therefore, respectfully recommends that Plaintiff's Amended Complaint be dismissed in view of his failure to exhaust his administrative remedies pursuant to the PLRA.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 4), **DISMISS**

Plaintiff's Amended Complaint (Document No. 5), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: May 6, 2019.

Omar J. Aboulhosn
United States Magistrate Judge